RENDERED: MAY 17, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2023-CA-0827-MR

ANDREW SCOTT CLYNCKE       APPELLANT

       APPEAL FROM RUSSELL FAMILY COURT
v.  HONORABLE JENNIFER UPCHURCH EDWARDS, JUDGE
       ACTION NO. 23-CI-00013

JODIE VERBETEN CLYNCKE,
NOW POINTER       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE AND KAREM, JUDGES.

ECKERLE, JUDGE: Appellant, Andrew Scott Clyncke ("Husband"), appeals

from Findings of Fact, Conclusions of Law, and a Decree of the Russell Family

Court dissolving his marriage to Appellee, Jodie Verbeten Clyncke (now Pointer)

("Wife"). Husband argues that the Family Court failed to restore his non-marital

property and to address his claims that Wife dissipated property following their

separation. We conclude that Husband failed to establish clear error in the Family Court's findings and to request more specific findings on the dissipation issue. Hence, we affirm.

Husband and Wife were married in July 2022 and separated in February 2023. Upon their separation, Wife sought and obtained a Domestic Violence Order ("DVO") against Husband. Wife filed a petition for dissolution of the marriage shortly thereafter.

At the time of the marriage, both parties sold separate real estate and other property, using those proceeds to purchase a small farm in Russell County, Kentucky (the "Farm"). After filing of the petition, Husband sought and obtained an order restraining Wife from disposing of personal property and livestock located on the Farm. However, Husband alleges that Wife converted most of the marital assets to her own use following their separation. Similarly, Wife claims that Husband or his family removed a large number of items from the Farm. The Family Court initially granted Wife possession of the Farm. But thereafter, Wife left the Farm and moved out of state. Following Wife's departure, the Family Court gave Husband temporary possession of the Farm and directed the parties to list the Farm for sale.

The matter proceeded to an evidentiary hearing on May 31, 2023. The contested issues involved allocation of marital and non-marital property and

division of marital property, primarily regarding the Farm and personal property located there. At the time of the final hearing, a contract existed for sale of the Farm.

On June 9, 2023, the Family Court entered Findings of Fact, Conclusions of Law, and a Decree of Dissolution. In pertinent part, the Family Court found that Wife contributed $30,571.50 to the purchase and improvement of the Farm. The Family Court also found that Husband contributed $25,500.00 of his non-marital funds for the purchase of a horse trailer. The Family Court directed that each party receive these respective amounts from the proceeds of the sale of the Farm. After deduction of these amounts and fees associated with the sale, the Family Court awarded one-half of the remaining sale proceeds to each party as marital property.

The Family Court separately awarded the marital vehicles and a horse trailer with living quarters to Husband. Finally, the Family Court awarded the remaining marital and non-marital property (and related debt thereto) to the party in possession, except where specifically addressed herein. Husband now appeals.

Husband primarily argues that the Family Court did not properly categorize contested properties as marital or non-marital. Under Kentucky law, all property acquired during the marriage is presumed to be marital unless there is

proof that it was acquired under one of the exceptions set out in KRS[1]

403.190(2)(a)-(e).   In *Sexton v. Sexton*, 125 S.W.3d 258 (Ky. 2004), the Kentucky

Supreme Court explained that,

> [u]nder KRS 403.190, a trial court utilizes a three-step
> process to divide the parties' property:  "(1) the trial
> court first characterizes each item of property as marital
> or nonmarital; (2) the trial court then assigns each party's
> nonmarital property to that party; and (3) finally, the trial
> court equitably divides the marital property between the
> parties."

*Id.* at 264-65 (quoting *Travis v. Travis*, 59 S.W.3d 904, 909 (Ky. 2001)).

If property is found to have been acquired during marriage, the burden

of proving that it was, in fact, non-marital, lies with the party claiming it as such.

*Id.* at 266.  On appeal, we review the Family Court's factual findings under the

clearly erroneous standard, but we conduct a *de novo* review of the Family Court's

legal conclusion characterizing the item as marital or non-marital.  *Smith v. Smith*,

235 S.W.3d 1, 6 (Ky. App. 2006).  A factual finding is clearly erroneous only if it

is unsupported by substantial evidence in the record.  *Owens-Corning Fiberglas*

*Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998).

Specifically, Husband claims that he traced more non-marital property

into the marriage than the Trial Court allocated.  Husband contends that his

testimony, as well as the bank records and property-sale records introduced at the

---

[1] Kentucky Revised Statutes.

-4-

hearing, outline that he brought more to the marriage than the $25,500.00 that the Family Court allocated to him. But much of his conclusory argument rests on the erroneous assumption that the Family Court was required to accept this evidence. Regardless of conflicting evidence, the weight of the evidence, or the fact that we might have reached a contrary finding, we must show due regard to the opportunity of the Family Court to judge the credibility of the witnesses. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (citing CR[2] 52.01).

Moreover, Husband's brief neither clearly identifies the additional items of non-marital property that he is claiming nor specifies the manner in which the evidence presented at the hearing establishes that he was entitled to a credit for these items as part of the Family Court's allocation. This Court is not obligated to search the record to find evidence in support of an appellant's argument. *Smith*, *supra*, at 5. The parties hotly disputed the designation of Husband's claims of non-marital assets, and it was his burden alone to establish these claims. As he failed to do so, we therefore decline to address these issues further.

Next, Husband next claims that Wife dissipated assets and that the Family Court failed to account for those assets. However, if Husband believed that the Family Court failed to make sufficient findings on those items, he was required to move for specific findings. CR 52.04. Without such a request, Husband's

---

[2] Kentucky Rules of Civil Procedure.

argument is deemed waived, precluding our review. *Polley v. Allen*, 132 S.W.3d 223, 230 (Ky. App. 2004). Again, Husband's failures of proof and compliance with procedures at the trial level prevent adequate investigation on appeal.

Accordingly, we affirm the Findings of Fact, Conclusions of Law, and Judgment of the Russell Family Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Joel R. Smith
Jamestown, Kentucky

BRIEF FOR APPELLEE:

H.K. Cooper
Jamestown, Kentucky